IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION  08-0222-KD-B |
| BAYSIDE MARINE CONSTRUCTION, INC. d/b/a BMC, LLP; GULF INDUSTRIAL SUPPLY COMPANY, INC; and ARTHUR H. SULZER ASSOCIATES, INC., ) ) ) ) ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the motion and amended motion for default judgment against Arthur H. Sulzer Associates, Inc. filed by The Northern Assurance Company of America (docs. 22, 28).  Upon consideration and for the reasons set forth herein, the motion for default judgment is **DENIED** at this time.

I.  Background

The Northern Assurance Company of America (Northern) filed its complaint for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202, on April 30, 2008, alleging that this court has jurisdiction pursuant to 28 U.S.C. § 1332 and that venue is proper in this district because the insurance policies at issue were issued here and because one or more of the defendants reside in this district.  Northern seeks a declaration that it has no duty to defend, indemnify, provide coverage for, or pay any judgment against Bayside Marine Construction, Inc., (BMC) or Gulf Industrial Supply Company, Inc., (GISCO) for claims raised in the underlying suit wherein Arthur H. Sulzer Associates, Inc. filed suit against BMC and GISCO,

and others, in the U.S. District Court for the Eastern District of Pennsylvania.[1]  Northern also seeks declaratory judgment that there is no coverage for or duty to compensate Sulzer under the policies at issue for damages claimed in the underlying suit.

Northern issued a Hull Policy and Comprehensive Marine Liability/P&I Policy to BMC. On the P & I policy, the insured, BMC, warranted to Northern that the vessels would be confined to the inland waters of the State of Alabama.  However, Northern alleges that BMC chartered or operated the barges outside of this express navigation warranty in the waters of the State of Pennsylvania.  BMC and GISCO have made demand upon Northern for coverage in the underlying lawsuit.  Sulzer was named as an "Additional Assured" under Endorsements 5 and 6 to the P&I policy and as "Loss Payee" under the Hull Policy as to the hired barges - Betsy, Tor and EEL.

In the complaint before this court, Northern alleges that Sulzer is a Pennsylvania Corporation with its principal place of business in Delaware County, Pennsylvania.  Summons issued as to Sulzer on May 1, 2008, and service was effected on May 8, 2008 by personal service upon Sulzer and upon Sulzer in care of Donna Adelsberger, Esq., who is listed as Sulzer's counsel of record on the complaint in the underlying proceedings (docs. 1, 5, 9, 10).  Sulzer's answer was due on May 28, 2008. See Fed.R.Civ.P. 12(a)(1).  On July 1, 2008, Northern filed its application for entry of default and the Clerk entered default on July 9, 2008 (docs. 12, 14).  On August 18, 2008, Northern filed its motion for default judgment and brief and on August 25, 2008, Northern filed its amended motion for default judgment and brief.  By order entered August 26, 2008, any response to the motion for default judgment was due on or before September 8, 2008.  No response to the motion for default judgment has been filed and Sulzer

---

[1] Sulzer filed suit against BMC and GISCO for damages for failure to maintain three barges - Betsy, Tor and Eel - and their equipment and or appurtenances and outstanding charter hire arising from a Bareboat Charter Agreement between BMC and Sulzer whereby BMC leased the three barges from Sulzer for a boat basin dredging project in Philadelphia, Pennsylvania.

has not answered or otherwise appeared in this action.

    II.    <u>Analysis</u>

The docket shows that Sulzer failed to answer or otherwise respond and on request of Northern, the Clerk entered default against Sulzer pursuant to Rule 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Northern now moves for default judgment under Rule 55(b).  Northern seeks a declaratory default judgment declaring that under the policies issued, it has no duty to compensate or provide coverage for Sulzer for the damages claimed in the underlying lawsuit. Rule 55(b)(1) provides that default judgment must be entered by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation".  Rule 55(b)(2) provides that in all other circumstances, default judgment must be entered by the court.  The Rule explains that where there is no sum certain,

> the party must apply to the court for a default judgment. . . .   The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

Rule 55(b)(2) controls default in this declaratory judgment action because Northern has not claimed a sum certain from Sulzer.  A hearing is not necessary to enter a default judgment against defendant Sulzer in this case because "all essential evidence is already of record". <u>S.E.C. v.. Smyth</u>, 420 F.3d 1225, 1232 n.13 (11th Cir.2005) ("An evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . .  We have held that no such hearing is required where all essential evidence is already of record.")

(citations omitted).  This declaratory judgment action is brought to determine coverage for defense and indemnification in the underlying lawsuit in Pennsylvania for defendants BMC, GISCO, and Sulzer under two policies issued by Northern to BMC.  Copies of the policies have been appended to the complaint as well as a copy of the complaint in the underlying lawsuit.

Generally, this circuit disfavors default judgments. In re Worldwide Web Systems, Inc., 328 F. 3d 1291, 1295 (11th Cir. 2003) ("there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").  Also, and more pertinent to this case, because Sulzer, BMC and GISCO may assert the same or similar defenses to the declaratory judgment action and because the relief sought is the same as to all - a declaration that there is no coverage under the policy, should default be entered against Sulzer there is the possibility of inconsistent judgments should the court later rule in favor of the remaining defendants BMC and GISCO. See Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552 (1872) (recognizing the risk of inconsistent judgments should default be entered against a defaulting party allegedly jointly liable with the remaining defendants and that judgment should not be entered until adjudication of the claim in regard to all defendants); Drill South, Inc. v. International Fidelity Insurance Company, 234 F. 3d 1232, 1237 n.8 (11th Cir. 2000) (finding Frow inapplicable to the facts but noting that Frow applies when there is a risk of inconsistent adjudications); see also Gulf Coast Fans v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir.1984) (finding sound policy and the prohibition against inconsistent judgments requires that default judgment should not be entered "when defendants are similarly situated, but not jointly liable") (citation omitted); Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) (in a declaratory judgment action to determine coverage and indemnification, the court found that entry of declaratory default judgment was improper where three defendant defaulted but "two additional, proper parties . . . indicated their intention of defending themselves . . .").  Therefore, the court finds that entry of default judgment against Sulzer is inappropriate at this time.

III.     Conclusion

Accordingly, for the reasons set forth herein, Northern's motion for default judgment is **DENIED** at this time.

The Clerk is directed to mail a copy of this order to defendant Arthur H. Sulzer Associates, Inc., at

> Arthur H. Sulzer Associates, Inc.
> C/O Donna L. Adelsberger, Esq.
> P.O. Box 530
> Glenside, Pennsylvania 19038-0530
>
> Arthur H. Sulzer Associates, Inc.
> C/O Donna L. Adelsberger, Esq.
> 6 Royal Avenue
> Glenside, Pennsylvania 19038
>
> Arthur H. Sulzer Associates, Inc.
> 688 Beatty Road
> Springfield, Pennsylvania 19064

**DONE** and **ORDERED** this 19th day of November, 2008.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**