IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE NORTHERN ASSURANCE ) | |
| COMPANY OF AMERICA, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
| v. ) | CIVIL ACTION NO. 08-222-KD-B |
|   ) | |
| BAYSIDE MARINE CONSTRUCTION, ) | |
| INC., GULF INDUSTRIAL SUPPLY CO., ) | |
| INC., and ARTHUR H. SULZER ) | |
| ASSOCIATES INC., ) | |
|   ) | |
|   Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss the unjust enrichment counterclaim of Defendant Bayside Marine Construction, Inc.'s (BMC) and Motion to Strike (or Dismiss) BMC's demand for attorneys' fees. (Docs. 19, 20).

**I.  Background**

This declaratory judgment action arises out of a dispute regarding a Hull Policy and Comprehensive Marine Liability/P&I Policy issued by Plaintiff to Defendant BMC, for coverage on certain vessels in return for premiums paid by BMC, for the policy period of June 13, 2006 through June 13, 2007.[1] (Doc. 1). The crux of the dispute centers on whether the parties agreed in these policies that the insured vessels would be located in or near Philadelphia, Pennsylvania, and

---

[1] Plaintiff is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. (Doc. 1 at 1). Defendant BMC is an Alabama corporation with its principal place of business located in Mobile County, Alabama. (Doc. 11 at 1). The Complaint alleges that Gulf Industrial Supply Company, Inc. (GISCO) is an Alabama corporation with its principal place of business located in Coffee County, Alabama; GISCO has not answered or otherwise appeared in this action. The Complaint also alleges that Arthur H. Sulzer Associates, Inc. (Sulzer) is a Pennsylvania corporation with its principal place of business in Delaware County, Pennsylvania; Sulzer has not answered or otherwise appeared in this action.

would be used for work in that location, rather than in the State of Alabama. Plaintiff asserts that it issued a Hull Policy and Comprehensive Marine Liability/P&I Policy to BMC and that on the P&I policy, the insured, BMC, warranted that the vessels shall be confined to the inland waters of the State of Alabama. (Doc. 1 at 3). In contrast, BMC asserts that at some point after issuance of the policies, Plaintiff entered into a joint venture and negotiated a subcontract to perform certain work in or near Philadelphia, Pennsylvania, and in performance of this work, Plaintiff entered into a charter agreement with Arthur H. Sulzer Assoc., Inc. (Sulzer)[2] under which Plaintiff chartered three barges (TOR, BETSY and EEL) for use in a dredging project underway in Philadelphia. (Doc. 11 at 3-4). BMC contends that the chartered barges were added as covered vessels under the policies and that Plaintiff was well aware of the fact that the vessels were located in or near Philadelphia, Pennsylvania and would be used to work in that location. (Id. at 4). BMC asserts that through the endorsements, Plaintiff agreed to provide coverage for the barges TOR, BETSY and EEL, knowing that the barges were located in or near Philadelphia, Pennsylvania and would be working in that area, and that in return, it agreed to pay the premiums for said coverage. (Id.)

Specifically, on April 30, 2008, Plaintiff filed a declaratory judgment action against various defendants, including BMC, pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) and that venue is proper pursuant to 28 U.S.C. § 1391 because the insurance policies at issue were issued in this district and one or more of the defendants reside here. (Doc. 1 at 2). Plaintiff seeks a declaration that it should be excused from performance under the contracts of insurance which it issued to BMC,

---

[2] Sulzer was named as an "Additional Assured" under Endorsements 5 and 6 to the P&I policy and as "Loss Payee" under the Hull Policy as to the hired barges - BETSY, TOR and EEL.

because BMC chartered or operated the insured vessels outside of the express navigation warranty (Alabama), in the waters of the State of Pennsylvania. Plaintiff also seeks a declaration that it has no duty to defend, indemnify, provide coverage for, or pay any judgment against BMC or Gulf Industrial Supply Company, Inc., (GISCO) for claims raised in the underlying suit wherein Arthur H. Sulzer Associates, Inc. (Sulzer) filed suit against BMC and GISCO, and others, in the U.S. District Court for the Eastern District of Pennsylvania.[3] (Doc. 1). Plaintiff asserts that there exists a justiciable controversy as to whether coverage exists as to the claims made by Sulzer in the underlying suit against BMC and GISCO. (Id.) As such, Plaintiff seeks (in part) entry of a declaratory judgment that it has no duty to defend or indemnify BMC against the claims asserted against it in the underlying suit; a finding that there is no coverage under the policies issued to BMC for the allegations made against it in the underlying suit; and a finding that Plaintiff is not responsible for the payment of any judgment that may be entered against BMC in the underlying suit. (Id.) In response, in its Answer and Counterclaim, BMC demands coverage from Plaintiff and alleges that the Plaintiff was well aware that the vessels were located in or near Philadelphia, Pennsylvania and that they would be used for work in that location. (Doc. 11). From this premise, BMC asserts three counterclaims related to the insurance policies at issue: bad faith denial of coverage (Count One), breach of contract (Count Two) and unjust enrichment (Count Three). (Id.). BMC also seeks recovery of attorneys' fees as damages related to these counterclaims. (Id.)

Now pending before the Court is Plaintiff's August 7, 2008 Motion to Dismiss BMC's

---

[3] Sulzer filed suit against BMC and GISCO for damages for failure to maintain three barges - BETSY, TOR and EEL - and their equipment and or appurtenances and outstanding charter hire arising from a Bareboat Charter Agreement between BMC and Sulzer whereby BMC leased the three barges from Sulzer for a boat basin dredging project in Philadelphia, Pennsylvania.

counterclaim for unjust enrichment (Count One) and Motion to Strike (or Dismiss) BMC's demand for attorneys' fees.  (Docs. 19, 20).  BMC has filed no response to Plaintiff's motion.

**II.    Analysis**

**A.    Standard of Review**

A motion to dismiss under Rule 12(b)(6), for failure to state a claim, may be granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).  The Court must accept all the allegations of the complaint as true and construe the facts asserted in the light most favorable to the plaintiff.  See, e.g., Erickson v. Pardus, 127 S.Ct 2197, 2200 (2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted).  A complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations[,]" a plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted).  The rules of pleading require "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  In other words, enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.  Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-1296 (11th Cir. 2007).  "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'"  Id.

**B.     Discussion**

On August 7, 2008, Plaintiff filed a motion to dismiss BMC's unjust enrichment counterclaim and motion to strike (or alternatively, to dismiss) BMC's counterclaim for attorneys' fees. (Docs. 19, 20). On August 8, 2008, this Court ordered BMC to file a response to Plaintiff's motion no later than August 22, 2008, with any reply by Plaintiff to be filed no later than August 29, 2008. (Doc. 21). On August 21, 2008, BMC sought additional time within which to file its response, up until September 8, 2008, citing as grounds the likelihood of BMC filing for bankruptcy. (Doc. 26). The Court granted BMC's motion and ordered that its response would be due on September 8, 2008. (Doc. 27). On September 5, 2008, BMC sought a second extension of time within which to file its response to Plaintiff's motion, citing as grounds the need to compile information necessary for the filing of BMC's bankruptcy action, seeking until September 22, 2008 within which to file its response. (Doc. 33). On September 12, 2008, this Court granted BMC's second motion for an extension, and ordered that its response would be due on September 22, 2008. (Doc. 36). On September 22, 2008, the parties specifically acknowledged this deadline in their Rule 26(f) Report. (Doc. 37). However, to date – *four months later* – BMC has not filed any response to Plaintiff's motion.

Courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. See, e.g., Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion

to dismiss resulted in dismissal of those claims as abandoned).[4]  BMC has declined to respond to Plaintiff's motion and thus, has neglected to address the merits of Plaintiff's contentions with regard to its counterclaim for unjust enrichment and demand for attorneys' fees.  This inaction supports a finding of abandonment.  See, e.g., Hudson v. Norfolk Southern Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned[]" (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)).  While BMC's lack of opposition may indeed provide sufficient basis for "abandonment" to grant Plaintiff's motion, the Court concludes that the better course of action is to consider Plaintiff's motion on its merits, notwithstanding BMC's failure to respond.  In so doing, however, the undersigned cautions that:

> . . . . "the court is under no duty to exercise imagination and conjure what a . . . [party] might have alleged, but did not, and do counsel's work for him or her." Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990); see also Lyes v. City of Riviera Beach, Fla., 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it"); Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("[i]t is not for the court to manufacture arguments on Plaintiff's behalf"). Accordingly, . . . [a party's] decision not to proffer argument or

---

[4] "A number of federal courts have declared that a motion to dismiss may be properly granted under these circumstances without reaching the merits, based on the theory that (i) plaintiff's failure to respond operates as a concession that the motion should be granted, or (ii) dismissal is appropriate as a sanction for failure to prosecute or to obey the court's orders." Anderson v. Greene, 2005 WL 1971116, *2 (S.D. Ala. Aug. 16, 2005).  See, e.g., Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-1295 (D.C. Cir. 2004) (finding no error where district court granted motion to dismiss based on reasoning that plaintiffs' failure to respond to motion within prescribed time renders motion conceded); Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 145 (1st Cir. 2004) (citing authority for proposition that court may treat failure to respond to motion to dismiss as procedural default where court had ordered response, unless granting motion would offend equity or conflict with federal rules); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (noting that if a party represented by counsel fails to respond to a motion to dismiss, a court may treat the motion as unopposed and subject to dismissal without conducting a merits analysis).

authority in response to the Motion [to dismiss] is at his peril.

Anderson v. Greene, 2005 WL 1971116, *3 (S.D. Ala. Aug. 16, 2005).

### 1. Unjust Enrichment

Dismissal of a claim under Rule 12(b)(6) for failure to state a claim is proper where it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.[5] See, e.g., Blackstone v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994). In its Answer and Counterclaim, BMC's asserts a claim for unjust enrichment against Plaintiff alleging as follows: Plaintiff agreed to provide insurance to BMC which covered any damage which might occur to the barges TOR, BETSY and EEL during the use of the barges on a project in or near Philadelphia, Pennsylvania; BMC paid all premiums due for all policies issued; Plaintiff claims that there is no coverage for damage to the barges under the policies issued to BMC; Plaintiff was conferred a benefit due to payment for coverage under the policies issued; and Plaintiff has been "unjustly enriched by retaining the benefits of insurance premiums and denying coverage" to BMC. (Doc. 11 at 6-7). Plaintiff seeks dismissal of BMC's unjust enrichment counterclaim pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted, contending that BMC has an adequate remedy at law and that Plaintiff has not been unjustly enriched.

In Alabama,[6] the doctrine of unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law. See, e.g., Mantiply v. Mantiply, 951 So.2d 638, 654 (Ala. 2006); Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 20 (Ala. 1983). "The

---

[5] A Rule 12(b)(6) motion to dismiss a counterclaim is evaluated in the same manner as a motion to dismiss a complaint. See, e.g., Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001).

[6] As BMC has failed to respond, no argument has been made to contradict Plaintiff's contention that Alabama law is applicable.

7

doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." Flying J Fish Farm v. Peoples Bank of Greensboro, 2008 WL 4687091, *6 (Ala. Oct. 24, 2008) (citations omitted). To prevail on a claim for unjust enrichment, BMC must be able to prove facts showing that Plaintiff "holds money which, in equity and good conscience, belongs to [BMC], or holds money which was improperly paid to [Plaintiff] . . . because of mistake or fraud." See, e.g., Fraley v. Cincinnati Ins. Co., 2006 WL 2583572, *4 (M.D. Ala. Sept. 7, 2006); Mantiply, 951 So.2d at 654; Hancock-Hazlett General Const. Co., Inc. v. Trane Co., 499 So.2d 1385, 1387 (Ala. 1986); Teleprompter of Mobile, 428 So.2d at 20. Unjust enrichment claims are precluded by proof that the party voluntarily paid what he or she seeks to recover. See, e.g., Stone v. Mellon Mortg. Co., 771 So.2d 451, 456 (Ala. 2000). Likewise, in the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched but is not deemed to have been *unjustly* enriched. See, e.g., Welch v. Montgomery Eye Physicians, P.C., 891 So.2d 837, 843 (Ala. 2004).

As noted *supra,* Alabama law makes clear that unjust enrichment is an equitable remedy only to be invoked where there is no available remedy at law. See, e.g., Mantiply, 951 So.2d at 654; Teleprompter of Mobile, 428 So.2d at 20. BMC's unjust enrichment counterclaim (based on Plaintiff's receipt of the benefits of the insurance premiums and denial of coverage) clearly arises from the contracts at issue – the insurance policies – the same policies upon which the breach of contract counterclaim (Count Two) and bad faith denial of coverage (Count One) are based. Such unjust enrichment claims are precluded, as there is an adequate remedy at law for damages under those theories of recovery. See generally Pearson's Pharmacy, Inc. v. Express Scripts, Inc., 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007). In sum, if Plaintiff is found liable for breach of contract or

bad faith, then BMC will be compensated for its alleged losses. See, e.g., Blackstone, 30 F.3d at 120; Pearson's Pharmacy, 505 F. Supp. 2d at 1278 (dismissing an unjust enrichment claim with prejudice because plaintiffs had an adequate remedy at law for damages under a theory of breach of contract).

### 2. **Attorneys' Fees**

Plaintiff seeks to strike, or alternatively dismiss, BMC's counterclaim for attorneys' fees pursuant to either Rule 12(f) as "redundant, immaterial, impertinent, or scandalous matter[]" or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. As noted *supra*, BMC seeks to recover attorneys' fees, as indicated in the prayer for relief following each of the counterclaims (bad faith denial of coverage, breach of contract and unjust enrichment). (Doc. 11). These counterclaims are based exclusively upon the insurance policies (contracts) at issue in this case and Plaintiff's failure to provide coverage pursuant to same. BMC has not alleged fraud, willful negligence or malice against Plaintiff. BMC has not even alleged a separate counterclaim for attorneys' fees. Rather, BMC seeks to recover such fees only as an element of costs or damages.

First, Plaintiff's Rule 12(f) motion to strike BMC's demand for attorneys' fees is due to be denied. Rule 12(f) provides that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense for any redundant, immaterial, impertinent, or scandalous matter." Such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004). Plaintiff has not provided sufficient support for its claim that BMC's seeking of attorneys' fees is tantamount to a "redundant, immaterial, impertinent or scandalous" matter under Rule 12(f). Moreover, Rule 12(f)

is simply not the proper vehicle to strike BMC's claims for attorneys' fees because a claim for attorneys' fees is not an "insufficient defense" or a "redundant, immaterial, impertinent or scandalous matter."

However, Plaintiff's Rule 12(b)(6) motion to dismiss BMC's demand for attorneys' fees is due to be granted. Specifically, dismissal of a claim under Rule 12(b)(6) for failure to state a claim is proper only where it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. See, e.g., Blackstone, 30 F.3d at 120. BMC's right to attorneys' fees in this diversity action, in the context of a marine insurance contract dispute, is a question to be resolved by reference to the law of the State of Alabama. See, e.g., All Underwriters v. Weisberg, 222 F.3d 1309, 1312-1313 (11th Cir. 2000) (holding – while assessing a marine insurance contract dispute – that in diversity cases, a party's right to attorney's fees is determined by reference to state law). In Alabama, the general rule is that attorney's fees and expenses of litigation are not recoverable as damages, in the absence of a contractual or statutory duty, other than by a few recognized equity principles. Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala. 1985). See also e.g, Tolar Construction, LLC v. Kean Elec. Co., Inc., 2006 WL 1361127, *13 (Ala. 2006); Ex parte Burnham, Klinefelter, Halsey, Jones & Cater, P.C., 674 So.2d 1287, 1290 (Ala. 1995). Notably, Alabama law provides for a fraud, willful negligence or malice equity exception to the general rule that each party must bear his or her own attorneys' fees. See, e.g., King Development & Realty, Inc. v. Eslami, 964 So.2d 51, 57-58 (Ala. Civ. App. 2007) (affirming an award of attorneys' fees based upon equitable considerations where the court found malicious and wrongful conduct in terminating a commercial lease, adding that the special equity exception to the American Rule also may exist in cases where conduct resulted in fraud or willful negligence);

Alliance Ins. Co. v. Reynolds, 504 So.2d 1215, 1216 (Ala. Civ. App. 1987); Reynolds, 471 So.2d at 1243. Compare Hall v. Hall, 903 So.2d 78, 82 (Ala. 2004) (acknowledging the special equity exception for cases in which the party sought to be charged with an attorney fee was guilty of misconduct amounting to fraud, willful negligence or malice but holding that the court "implicitly found that [the one against whom a fee was sought to be imposed] was not guilty of misconduct that would require such a sanction[]").

The present case concerns a coverage dispute stemming from marine insurance policies between Plaintiff and BMC, and BMC's related counterclaims for breach of contract, unjust enrichment and bad faith denial of coverage. However, BMC has not cited in its counterclaim any language from the insurance policies which provides for, or supports, an award of attorneys' fees. Likewise, BMC has not cited any statutory basis that provides for, or supports, such an award. Additionally, the undersigned has been unable to locate any information of record, at present, which indicates that the Court's general equity powers may provide a basis for the award of attorneys' fees. Moreover, BMC has not referenced any facts or circumstances showing that special equities exist such that an award of attorneys' fees may be allowed. See, e.g., King Development, 964 So. 2d at 51, 57-58. Indeed, there are no allegations of fraud, willful negligence or malice in BMC's counterclaim. While BMC has alleged a count for bad faith, that claim relates solely to Plaintiff's denial of coverage under the insurance policies at issue – that Plaintiff "*unreasonably* and *in bad faith* failed to provide coverage under the policies[]" and BMC seeks attorneys' fees due only to Plaintiff's "*unwarranted* behavior."[7] (Doc. 11 at 5 (emphasis added)). The count, as alleged, does

---

[7] As noted in Seibert v. Nationwide Property & Cas. Ins. Co., 1997 WL 33175059, *11 (S.D. Ala. Nov. 24, 1997) (citing National Sec. Fire & Casualty Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982)), under Alabama law, the elements of a claim for bad faith denial of insurance coverage are: 1) an insurance contract between the parties and a breach thereof by the insurer; 2) an intentional refusal to pay

not equate with an allegation of fraud, willful negligence or malice sufficient to invoke the equity exception.

## III.     Conclusion

Based on the foregoing, the Court finds that Plaintiff's Motion to Dismiss BMC's unjust enrichment counterclaim is **GRANTED** such that Count Three of BMC's counterclaim is hereby **DISMISSED** with prejudice. Moreover, the Court finds while that Plaintiff's motion to strike BMC's demand for attorneys' fees is **DENIED**, Plaintiff's motion to dismiss BMC's demand for attorneys' fees is due to be, and hereby is, **GRANTED.**

**DONE** and **ORDERED** this the 20th day of January 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

the insured's claim; 3) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); 4) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and 5) if the intentional failure to determine the existence of a lawful basis is relied upon, the insured must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. See also National Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1362 (Ala. 1982).