```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

THE NORTHERN ASSURANCE COMPANY   *
OF AMERICA,   *
   *
     Plaintiff,   *
   *
vs.   *   CIVIL ACTION 08-00222-KD-B
   *
BAYSIDE MARINE CONSTRUCTION,   *
INC. d/b/a BMC, LLP, *et al.*,   *
   *
     Defendants.   *

## ORDER

This action is before the Court on Plaintiff's Motion to Compel (Doc. 45). In its motion, Plaintiff asserts that Defendant Bayside Marine Construction, Inc., d/b/a BMC, LLP (hereinafter "Bayside)has failed to file its initial disclosures pursuant to the Court's Scheduling Order, and has failed to respond to Plaintiff's Interrogatories and Request for the Production of Documents, which were served on November 3, 2008. In an Order dated December 24, 2008, the Court directed BMC to file a response to Plaintiff's motion no later than January 6, 2009. (Doc. 46). Upon the request of BMC, the deadline for its response was extended to January 23, 2009. (Docs. 47, 48), To date, Defendant BMC has filed no response to Plaintiff's motion.

Rule 37 of the Federal Rules of Civil Procedure empowers courts to compel disclosure and enter sanctions against individuals who fail to make disclosures or participate in discovery. The rule

provides, in pertinent part, that:

> If the motion is granted  -- or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, or the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In the case sub judice, Defendant BMC has failed to respond to Plaintiff's motion, let alone offer any evidence to controvert the assertions contained in Plaintiff's motion.  Accordingly, based upon the undisputed assertions contained in Plaintiff's motion, the Court GRANTS Plaintiff's motion, and DIRECTS Defendant BMC to provide complete responses to Plaintiff's Interrogatories and Request for the Production of Documents by **February 13, 2009**.  Defendant is further directed to provide its initial disclosures by **February 13, 2009,** to the extent that it has not already done so.  Additionally, Defendant BMC and its counsel are ORDERED to show cause, on or before **February 13, 2009**, why this Court should not impose sanctions pursuant to Fed. R. Civ. P. 37 (a)(5)(A).

DONE this **28th** day of **January, 2009.**

                                     **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**